1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIK CLOE,<br><br>    Plaintiff,<br><br> v.<br><br>FUTURE MOTION, INC.,<br><br>    Defendant. | CASE NO. _____<br><br>COMPLAINT<br><br>(28 U.S.C. § 1332; Diversity of Citizenship)<br><br>**JURY TRIAL DEMANDED** |

011109-11/1950328 V1

**TABLE OF CONTENTS**

<u>Page</u>

I.    INTRODUCTION ............................................................................................................. 1

I.    THE PARTIES, JURISDICTION & VENUE ................................................................. 1

II.   CONDITIONS PRECEDENT .......................................................................................... 4

III.  ONEWHEEL BACKGROUND ....................................................................................... 4

IV.   THE INCIDENT ............................................................................................................... 7

COUNT I STRICT LIABILITY ................................................................................................... 7

COUNT II NEGLIGENCE ............................................................................................................ 8

DEMAND FOR JURY TRIAL ..................................................................................................... 9



# I. INTRODUCTION

1. Plaintiff brings this civil action to recover for the severe and permanent injuries he suffered as a result of a defective "OneWheel" product, an electronic skateboard designed, manufactured, marketed, distributed, and sold by Defendant Future Motion, Inc. ("FM"). The OneWheel is defective and unreasonably dangerous under Washington law. Plaintiff brings this action for strict products liability and negligence, including, but not limited to, physical and mental pain, suffering, permanent disfigurement and scarring, and loss of enjoyment of life.

# I. THE PARTIES, JURISDICTION & VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is not a citizen of a state which Defendant is a citizen and the amount in controversy exceeds $75,000.00, exclusive of fees, costs, and interest.

3. At all times material hereto, Plaintiff, Erik Cloe, is (and was) a Washington citizen, resident, and domiciliary who lives in Vancouver, Clark County, Washington.

4. At all times material hereto, FM is a corporation organized and existing under the laws of Delaware with its principal place of business in California.

5. Defendant FM may be served with process by serving its registered agent, A Registered Agent, Inc., 8 The Green, Suite A, Dover, Delaware 19901.

6. FM designed, manufactured, distributed, and sold the OneWheel XR that forms the basis of this Complaint (the "Subject OneWheel") to Plaintiff.

7. This Court is authorized to exercise personal jurisdiction over FM pursuant to the Washington Long-Arm Statute, RCW §§ 4.28.185(1)(a), (1)(b), and (1)(d) because FM transacts business within the state of Washington; committed a tortious act within the state of Washington; contracted to insure persons, property, or risk located within the state of Washington at the time of contracting.

8. This Court is further authorized to exercise personal jurisdiction over FM pursuant to the Washington's Long-Arm Statute because Defendant FM is engaged in substantial and not isolated activity within Washington.



9.  FM derives substantial revenues from products it sells in the State of Washington and in Clark County.

10. FM marketed, distributed, and sold its OneWheel products in Washington, including Clark County.

11. FM has purposefully availed itself of the benefits and the protections of the laws of the State of Washington, and has sufficient contacts such that the exercise of jurisdiction would be consistent with traditional notions of fair play and substantial justice.

12. FM submitted itself to the jurisdiction of this Court by doing, personally or through its agents, at all times to this cause of action, the following acts:

   a. Committing a tortious act within this state by selling and delivering defective products, including OneWheel XRs, to persons, firms, or corporations in this state via distributors, dealers, and its website. Such OneWheel products were used by consumers in Washington in the ordinary course of commerce and trade;

   b. Conducting and engaging in substantial business and other activities in Washington by selling OneWheel products and component parts to persons, firms, or corporations in this state via distributors, dealers, and its website. Such OneWheel products were used by consumers in Washington in the ordinary course of commerce and trade;

   c. The acts or omissions of FM caused injuries to persons, including Plaintiff. At or about the time of said injuries, FM engaged in solicitation activities in Washington to purposefully promote the sale, consumption, and use of OneWheel XRs, including the one which is the subject of this Complaint;

   d. Selling OneWheel products and component parts, with knowledge or reason to foresee that their OneWheel products would be shipped in interstate commerce and would reach the market of Washington users or consumers;

   e. Doing business in Washington and by recruiting Washington residents for employment;

   f. The claims against FM are linked, related, and/or arise out of FM's conduct;

   g. FM's contacts with Washington principally relate to the sale of OneWheel products and all of the conduct associated with such OneWheel product sales and this civil action is related to and connected with the sale of their OneWheel products;

   h. Due process and fair play and substantial justice are honored by this civil action going forward in this District Court;

   i. There is little or no burden on FM litigating this case in this District Court;

COMPLAINT - 2
Case No.
011109-11/1950328 V1

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

  j. It would be a tremendous burden and great inefficiency and unnecessary delay imposed on Plaintiff to litigate this case in another forum;

  k. Washington has an interest in overseeing this litigation which involves injuries to Washington residents and tortious transactions which occurred in Washington and defective products sold in Washington;

  l. Public policy favors resolution of this dispute in this District Court; and

  m. FM's conduct and connection with Washington are such that FM should reasonably anticipate being haled into court in Washington.

13. FM cannot deny personal jurisdiction in this Court for the following reasons:

  a. FM placed the OneWheel product into the stream of commerce under circumstances such that FM should reasonably anticipate being haled into court in Washington;

  b. FM has a regular plan for the distribution of their new and used products within Washington with the goal of achieving a commercial benefit from the sale of those products in Washington;

  c. FM participates in the interactive websites located within Washington;

  d. FM gathers data about their OneWheel products performance in Washington and uses that data in the redesign of their products;

  e. FM has at least hundreds of clients in Washington;

  f. FM oversees its product warranty process within Washington;

  g. FM spends thousands of dollars per year marketing products in Washington. In doing so, FM developed a market in Washington for its OneWheel products;

  h. FM have purposefully availed themselves of the privilege and benefits of conducting activities within Washington;

  i. FM holds patents and trademarks which they demand must be honored in Washington;

  j. FM engages in national marketing of its products that pervades into Washington;

  k. FM targets marketing specific to Washington; and

  l. Plaintiff's claims are connected with or relate to FM's contacts with Washington.

14. Therefore, this Court is authorized to exercise personal jurisdiction over FM.

COMPLAINT - 3
Case No.
011109-11/1950328 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

15. FM is directly responsible for Plaintiff's injuries and damages caused by the defective Subject OneWheel that unexpectedly nosedived on July 13, 2019, resulting in the injuries and damages sought herein.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims stated herein occurred in the Western District of Washington.

## II. CONDITIONS PRECEDENT

17. All conditions precedent have been satisfied or excused.

## III. ONEWHEEL BACKGROUND

18. FM's "OneWheel" product is a self-balancing, battery-powered, one wheeled transportation device that is often described as an electric skateboard. The product was and is designed, developed, manufactured, produced, distributed, marketed, and sold by Defendant FM. Upon information and belief, FM developed and designed the subsystems that power the OneWheel, including motors, power electronics, battery modules, and smartphone applications ("apps"):



19. Operation of FM's OneWheel is controlled and/or monitored, in part, by an "app" installed on users' smartphones. The OneWheel app allows users to view their total miles, battery life, speed, and other information.

20. FM promotes itself as being "IN THE BUSINESS OF MAKING THE FUTURE RAD." (https://onewheel.com/pages/about-us). A promotional video on FM's website states that the OneWheel was designed to make riders forget that "there are thousands of calculations happening per second to keep you perfect." The same video depicts the OneWheel device being

COMPLAINT - 4
Case No.
011109-11/1950328 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

operated in concrete drainage basins, through standing water, on an open highway (with cars approaching), across dirt paths, on the beach, through wooded areas, across fallen logs, and on and off the sidewalk. OneWheel-sponsored videos show users riding both with and without helmets.

21. One of OneWheel's key features (and its most dangerous and unpredictable feature) is that it will provide the rider with "pushback" when approaching the device's limits during use. Often, however, instead of or in addition to pushback, which is allegedly designed as a warning to riders to avoid a dangerous situation, the OneWheel will simply shut off and nosedive, resulting in the rider being catapulted off the device. The harder the device works to maintain operations, the less the OneWheel is able to assist the rider in balancing.

22. Once the motor's resources reach a critical point, the motor's normal ability to help the rider balance disappears, and the rider will experience an unexpected nosedive. Often, this will feel to the rider like the motor suddenly cut out or shut down. Different factors impact when and what will cause the OneWheel to shutdown and nosedive, including the rider's weight, tire pressure, wind direction, battery level, rider stance, and the grade of incline or decline. Thus, predicting exactly when a nosedive will occur or what will cause one is practically impossible.

23. The primary cause of "pushback" nosediving is velocity. When experiencing velocity pushback, the rider will feel the nose of the board rise to various degrees when a certain velocity is reached. Often, velocity pushback occurs at a speed lower than that of the maximum due to the above-mentioned factors.

24. Pushback and nosedives also occur on inclines and declines, purportedly to alert the rider that the motor may be becoming overworked. The problem with this form of pushback, however, is that it is difficult to discern when the rider is feeling pushback, or whether it is the natural resistance caused by the incline/decline. While ascending hills, riders are already pressing against the nose and the grade of the hill to ascend, and therefore may not discern pushback.

25. While descending, a rider may not feel pushback because his/her weight is likely already on the tail to control speed. Pushback in such situations will likely result in a sudden nosedive or tailspin, especially if the rider is unaware that the board is giving them pushback. Again, the result will be that the rider feels the board suddenly shut down during operation.



26. Another form of pushback occurs when the OneWheel is nearing battery depletion. This pushback purportedly alerts riders by elevating the nose dramatically. When the OneWheel purportedly senses that the batteries are about to be damaged by over-depletion, the board will shut off entirely, leaving the rider to suddenly and unexpectedly recalibrate his/her balance, often resulting in the rider being thrown from the board.

27. Yet another form of pushback is referred to as regeneration pushback. One way that the OneWheel recharges its battery is to collect kinetic energy when going down a decline and to reserve such power in the battery. However, this may result in the battery becoming overcharged, which would damage the battery. FM "addressed" this problem by designing the board to suddenly and unexpectedly shut down to prevent battery damage, at the expense of rider safety. Instead of allowing the battery to overcharge, prior to regeneration-related damage to the battery, the OneWheel will shut down. The same problems in discerning pushback while ascending/descending also occur in this situation.

28. Another common cause of nosedives is acceleration. If a rider attempts to accelerate quickly, the motor may not support the sudden weight and force on it and the nose will suddenly drop. Yet, FM advertises its OneWheels' ability to accelerate quickly, even from a complete stop. Such acceleration nosedives can happen at any speed, even from a dead stop, and the rider will feel as though the motor has suddenly cut out or shut off. Tail-slides occur when the rider shifts his/her weight onto the back of the board and thereby overwhelms the motor. In that case, the tail of the board will suddenly drop and slide on the ground, causing the rider to become instantly unbalanced.

29. Not only is it prohibitively difficult to determine when nosedives/tailspins/shut-offs will occur, but the result of such unexpected and undiscernible events almost invariably cause the rider to be ejected or fall from the board, resulting in severe injuries, as occurred in this case. A OneWheel nosedive or shut-off is not a mild event as it might be with any other type of vehicle. The front of the board violently slams into the ground and the rider is thrown forward.

COMPLAINT - 6
Case No.
011109-11/1950328 V1

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594


## IV.   THE INCIDENT

30.   On or about July 13, 2019, Plaintiff was riding the Subject OneWheel in Vancouver, WA.

31.   Plaintiff was riding the Subject OneWheel in a straight line on the paved road in front of his driveway and without warning, the Subject OneWheel suddenly shut off and "nosedived," causing the front of the board to slam into the ground and throwing Plaintiff from the board. As a result of being unexpectedly thrown from the Subject OneWheel, Plaintiff suffered a comminuted displaced fracture of his collarbone and severe road rash on the left side of his body.

32.   In a daze, Plaintiff was transported to Legacy Salmon Creek Medical Center for surgical repair of his collarbone.  More specifically, Plaintiff required a metal plate and eleven screws to be inserted in his collarbone

33.   The Subject OneWheel is defective in its design, manufacture, and/or warning.

34.   The defective condition of the Subject OneWheel rendered the product unreasonably dangerous for its designed, intended, and foreseeable uses.

35.   The Subject OneWheel failed to perform as safely as an ordinary consumer would expect when riding the Subject OneWheel as intended in a foreseeable ride.

36.   The Subject OneWheel's defective and unreasonably dangerous condition existed at the time the Subject OneWheel left Defendant's final possession, custody, and control.

37.   The Subject OneWheel remained in its defective and unreasonably dangerous condition until and throughout the incident that forms the basis of this lawsuit.

38.   The Subject OneWheel's defective condition actually and proximately caused injury and damage to Plaintiff.

## COUNT I

## STRICT LIABILITY

39.   Plaintiff re-alleges and incorporates paragraphs 1 through 38 of this Complaint as if fully stated herein.

40.   Defendant FM is a product manufacturer within the meaning of RCW 7.72.010.



41. Defendant FM designed, manufactured, distributed, supplied, and sold the Subject OneWheel and otherwise placed the Subject OneWheel used by Plaintiff into the stream of commerce.

42. The Subject OneWheel is defective in its design, manufacture, and/or warning.

43. The Subject OneWheel's defective condition rendered it unreasonably dangerous for its designed, intended, and foreseeable uses.

44. The Subject OneWheel's defective condition actually and proximately caused injury and damage to Plaintiff.

45. As a direct and proximate result of the Subject OneWheel's defective condition, Plaintiff has suffered serious and permanent injuries requiring surgical intervention, pain and suffering, mental anguish, and emotion distress, from his incident on July 13, 2019.

**WHEREFORE**, Plaintiff, Erik Cloe, demands judgment against Defendant, Future Motion, Inc., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, attorneys' fees and costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II

## NEGLIGENCE

46. Plaintiff re-alleges and incorporates paragraphs 1 through 38 of this Complaint as if fully stated herein.

47. Defendant FM designed, manufactured, distributed, supplied, and sold the Subject OneWheel and otherwise placed the Subject OneWheel used by Plaintiff into the stream of commerce.

48. Defendant FM owed a duty to properly design, manufacture, distribute, supply, and sell the Subject OneWheel in a safe condition and without defect.

49. Defendant FM owed a duty to adequately test, inspect, and assure the quality of the Subject OneWheel before placing it into the stream of commerce.

COMPLAINT - 8
Case No.
011109-11/1950328 V1



1301 Second Avenue, Suite 2000 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

50. Defendant FM owed a duty to provide adequate warnings, instructions, and information with the Subject OneWheel.

51. Defendant FM breached the above duties.

52. Defendant FM's breach of the above duties actually and proximately caused injury and damage to Plaintiff.

53. As a direct and proximate result of FM's negligence and the breaches identified herein, Plaintiff has suffered serious and permanent injuries requiring surgical intervention, pain and suffering, mental anguish, and emotion distress, from his incident on July 13, 2019.

**WHEREFORE**, Plaintiff, Erik Cloe, demands judgment against Defendant, Future Motion, Inc., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, attorneys' fees and costs, and interest, and for any such further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff, Erik Cloe, hereby demands a trial by jury on all issues so triable.

Dated: June 30, 2022                    Respectfully submitted,

                                        HAGENS BERMAN SOBOL SHAPIRO LLP

                                        By: */s/ Jerrod C. Patterson*
                                          Jerrod C. Patterson (WSBA No. 43325)
                                        1301 Second Avenue, Suite 2000
                                        Seattle, WA 98101
                                        Telephone: (206) 623-7292
                                        Facsimile:  (206) 623-0594
                                        jerrodp@hbsslaw.com

                                        *Counsel for Plaintiff Erik Cloe*

COMPLAINT - 9
Case No.
011109-11/1950328 V1

